OPINION
{¶ 1} Defendant-appellant Michael P. Vance appeals his convictions and sentences entered by the Richland County Court of Common Pleas on two counts of assault of a peace officer, in violation of R.C. 2903.13(A). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} At approximately 11:30 p.m. on April 14, 2001, Deputies Chuck Cochis and James Nicholson of the Richland County Sheriff's Office were dispatched to the area of Wedgewood Drive, Mansfield, Ohio in response to a suspicious vehicle parked in the roadway. When the officers arrived, they discovered appellant passed out behind the wheel of the vehicle. The vehicle was in park, but the motor was running, and the headlights were illuminated. The deputies repeatedly attempted to wake appellant. When appellant awoke, he struggled to get the door of the vehicle opened. The deputies noticed a strong odor of alcohol emanating from appellant's person. Appellant's struggle to retrieve his driver's license confirmed the officers' suspicion he was intoxicated. At that point, Deputy Cochis advised appellant he was under arrest for driving under the influence of alcohol, and requested appellant turn around so the officer could handcuff him.
 {¶ 3} As Deputy Cochis attempted to handcuff appellant, appellant spun around and punched Deputy Nicholson in the head. Deputy Cochis sprayed appellant with OC spray. During the deputies' struggle with appellant, all three fell to the ground. Appellant continued to fight with the officers, kicking Deputy Cochis in the ribs. The officers ultimately gained control and arrested appellant for driving under the influence of alcoholism; improper parking on a roadway; failure to wear a seatbelt; and resisting arrest. These charges were filed and processed in the Mansfield Municipal Court in Case No. 2001-CRB-1606.
 {¶ 4} After appellant was released from jail on April 15, 2001, he was arrested and charged with assault on a peace officer, in violation of R.C. 2903.13(A) in Mansfield Municipal Court Case No. 2001-CRA-1588. Appellant filed a written waiver of preliminary hearing on April 17, 2001, consenting to the case being bound over to the Richland County Court of Common Pleas for grand jury proceedings. The case was transferred to Richland County Court of Common Pleas as Case No. 2001CR308. The State filed a Bill of Information on August 10, 2001. The Richland County Grand Jury indicted appellant on two counts of assault on a peace officer, in violation of R.C. 2903.13(A), on December 5, 2001. A warrant to arrest on the indictment was issued on December 5, 2001. The Sheriff executed the warrant on or about October 17, 2002.
 {¶ 5} At his arraignment, appellant entered pleas of not guilty to the charges. The trial court remanded appellant to the custody of the Richland County Sheriff's Office. Appellant was released on bond on October 28, 2002.
 {¶ 6} The matter proceeded to jury trial on March 20, 2003. Debra Yanders, appellant's sister, testified on his behalf. During cross-examination, the State questioned Yanders as follows:
 {¶ 7} "Q. [THE STATE]: * * * Did he tell you anything else about what happened that night?
 {¶ 8} "A. [YANDERS]: No, really he didn't. He was upset that he had been arrested.
* * *
 {¶ 9} "Q. Is it typical for him to drink like that?
 {¶ 10} "A. No, sir, it is not. * * *
 {¶ 11} "Q. Who was he out drinking with that night?
 {¶ 12} "A. I have no idea. I wasn't with him.
 {¶ 13} "Q. You weren't with him when this whole incident happened out in the roadway, were you?
 {¶ 14} "A. No, sir, I was not.
 {¶ 15} "Q. So other than what he told you, you have no idea what happened out there?
 {¶ 16} "A. No, sir, I do not. But I will say I have never known my brother to be aggressive.
 {¶ 17} "Q. No, you have answered my question — you have never known him to be aggressive?
 {¶ 18} "A. Not to be a violent person, no. He has always been gentle with me.
 {¶ 19} "Q. Has he always been gentle with everybody else?
 {¶ 20} "A. That I am aware."
 {¶ 21} Tr. at 154-155.
 {¶ 22} Counsel for appellant objected. The trial court conducted a bench conference outside the hearing of the jury. The State argued Yanders had "opened the door" to questions regarding appellant's prior misdemeanor domestic violence conviction. The trial court permitted the State to question Yanders outside the presence of the jury. The following dialogue occurred:
 {¶ 23} "Q. [THE STATE]: Were you aware that your brother was convicted in Ashland County of a misdemeanor domestic violence against his spouse?
 {¶ 24} "A. I had been told previously that they had got in an argument and he was charged with domestic violence.
 {¶ 25} "Q. So you were aware of that fact?
 {¶ 26} "A. Yes, but just an argument. * * *
 {¶ 27} "Q. Are you aware that his wife has requested charges on him in other cases for domestic violence?
 {¶ 28} "A. Not that I am aware of, no."
 {¶ 29} Tr. at 157.
 {¶ 30} The trial court concluded Yanders had volunteered the fact appellant was a nonviolent person, but subsequently admitted she knew he had been charged with domestic violence, and it would create a falsehood to the jury to prevent the State from cross-examining her thereon. The trial court noted it would instruct the jury the testimony was to be considered only for the purpose of determining Yanders' veracity.
 {¶ 31} In the presence of the jury, the State asked Yanders if she was aware appellant had a misdemeanor domestic violence conviction in Ashland County. Yanders acknowledged she was aware of the conviction, but did not know the particulars. Immediately thereafter, the trial court advised the jury as follows:
 {¶ 32} "THE COURT: Folks, I want to say one thing about that. That particular offense, the fact that this witness was aware of it, is admitted for a very limited purpose, only to test her credibility, when she testified that he was not a violent person. It's not admitted for any other purpose. You're not supposed to use that in any way in this case.
 {¶ 33} "The fact that he had a misdemeanor domestic violence conviction is not to be used by you in any way to think that it's more likely that he did the offense in this case. It's admitted for that limited purpose. Sometimes we have pieces of evidence that come in that way.
 {¶ 34} "Do you understand? I don't want you to take if for more than it's worth."
 {¶ 35} Tr. at 159.
 {¶ 36} After hearing all the evidence and deliberations, the jury found appellant guilty of both counts of assault on a peace officer. The trial court sentenced appellant to a term of seventeen months imprisonment on each count. The trial court ordered the sentences to be served concurrently.
 {¶ 37} It is from these convictions and sentences appellant appeals, raising the following assignments of error:
 {¶ 38} "I. Defendant-Appellant was denied his right to a speedy trial.
 {¶ 39} "II. Defendant-Appellant's conviction for assault on a peace officer was barred by the double jeopardy clauses of the United States and Ohio Constitutions as a result of his prior conviction for disorderly conduct arising out of the same conduct.
 {¶ 40} "III. Defendant-Appellant was denied the effective assistance of trial counsel by virtue of the failure of said counsel to raise the issues of speedy trial or double jeopardy before or during trial.
 {¶ 41} "IV. The trial court committed prejudicial error by admitting hearsay evidence or a prior misdemeanor domestic violence conviction against Defendant-Appellant.
 {¶ 42} "V. The Trial Court erred by imposing a sentence upon Defendant-Appellant which was unlawfully excessive and contrary to law."
 I {¶ 43} In his first assignment of error, appellant contends he was denied his right to a speedy trial, in violation of R.C. 2945.71(C)(2). We disagree.
 {¶ 44} R.C. 2945.71(C)(2) mandates a person against whom a charged felony is pending be brought to trial within 270 days after the person's arrest. R.C. 2945.72 provides, "The time within which an accused must be brought trial, or, in the case of a felony, to preliminary hearing and trial, maybe extended only by the following: * * * (D) any period of delay occasioned by the neglect or improper acts of the accused."
 {¶ 45} Initially, we note appellant did not raise this issue in the trial court. A defendant cannot raise a speedy trial for the first time on appeal. Worthington v. Ogilby (1982), 8 Ohio App.3d 25, para. 2 of the syllabus.
 {¶ 46} Although on the face of the record, it appears the case was over time, the record was not properly developed on this issue. Appellee had neither the necessity nor opportunity to demonstrate whether any time was tolled under the statute. The proper mechanism to develop the record would be for appellant to file a post-conviction relief petition, alleging ineffective assistance of counsel for failing to file a motion to dismiss for speedy trial time. This would give both parties the opportunity to present evidence and testimony to establish whether or not any time was tolled.
 {¶ 47} Appellant's first assignment of error is overruled.
 II {¶ 48} In his second assignment, appellant maintains his conviction for assault on a peace officer violated his constitutional rights against double jeopardy because he had already been convicted of disorderly conduct, resulting from the same incident. We disagree.
 {¶ 49} The double jeopardy protections afforded by the federal and state Constitutions guard citizens against both successive prosecutions and cumulative punishments for the "same offense." State v. Moss (1982),69 Ohio St.2d 515, 518. In State v. Uskert (1999), 85 Ohio St.3d 593,595, the Supreme Court of Ohio discussed double jeopardy as follows:
 {¶ 50} "As this court recognized recently, `the Double Jeopardy Clause of each Constitution prohibits (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense'." State v. Gustafson (1996), 76 Ohio St.3d at 432, 1996-Ohio-425
citing United States v. Halper (1989), 490 U.S. 435, 440,109 S.Ct. 1892, 1897, 104 L.Ed.2d 487, 496.
 {¶ 51} As stated by the Ohio Supreme Court in State v. Rance,85 Ohio St.3d 632, 1999-Ohio-291: "In Ohio it is unnecessary to resort to the Blockburger test in determining whether cumulative punishments imposed within a single trial for more than one offense resulting from the same criminal conduct violate the federal and state constitutional provisions against double jeopardy. Instead, R.C. 2941.25's two-step test answers the constitutional and state statutory inquiries. The statute manifests the General Assembly's intent to permit, in appropriate cases, cumulative punishments for the same conduct." para. 3 of syllabus.
 {¶ 52} R.C. 2941.25 provides:
 {¶ 53} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 54} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 55} Allied offenses of similar import require a finding of two separate criminal offenses. Perhaps most important, however, these criminal offenses must be charged within the same indictment and punished within the same trial.
 {¶ 56} R.C. 2903.13 sets forth the elements of the crime of an assault upon a peace officer:
"(A) No person shall knowingly cause or attempt to cause physical harm to another * * *
(C) Whoever violates this section is guilty of assault. * * * (3) If the victim of the offense is a peace officer, a firefighter, or a person performing emergency medical service, while in the performance of their official duties, assault is a felony of the fourth degree."
 {¶ 57} R.C. 2917.11 sets forth the elements of the offense of disorderly conduct:
 {¶ 58} "(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following: (1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior; (2) Making unreasonable noise or an offensively coarse utterance, gesture, or display or communicating unwarranted and grossly abusive language to any person; (3) Insulting, taunting, or challenging another, under circumstances in which that conduct is likely to provoke a violent response; * * * (5) Creating a condition that is physically offensive to persons or that presents a risk of physical harm to persons or property, by any act that serves no lawful and reasonable purpose of the offender."
 {¶ 59} We conclude assault upon a peace officer and disorderly conduct are not allied offenses of similar import and appellant's constitutional right against double jeopardy was not violated by his convictions on both offenses. Additionally, we note, although the offenses arose out of the same incident, such were charged in different courts and were not charged within the same indictment or bill of information.
 {¶ 60} Appellant's second assignment of error is overruled.
 III {¶ 61} Herein, appellant raises an ineffective assistance of trial counsel claim. Specifically, appellant asserts trial counsel was ineffective for failing to raise the issues of speedy trial and double jeopardy.
 {¶ 62} The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v. Washington
(1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 673, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373;State v. Combs, supra.
 {¶ 63} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 64} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.
 {¶ 65} With respect to appellant's assertion trial counsel was ineffective for failing to raise the speedy trial issue, as we found in assignment of error one, supra, the record does not demonstrate such a violation. We cannot determine if appellant was prejudiced by counsel's failure to file a motion to dismiss on speedy trial grounds; therefore, appellant cannot satisfy the second prong of the Strickland test.
 {¶ 66} With respect to appellant's argument trial counsel was ineffective for failing to raise the double jeopardy issue, in light of our disposition of appellant's second assignment of error, we find appellant cannot establish he was prejudiced by trial counsel's failure to raise this issue.
 {¶ 67} Appellant's third assignment of error is overruled.
 IV {¶ 68} In his fourth assignment of error, appellant submits the trial court erred in admitting evidence of his prior misdemeanor domestic violence conviction.
 {¶ 69} The admission or exclusion of evidence rests within the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173.
 {¶ 70} Over objection, the trial court permitted the State to cross-examine Debra Yanders about her knowledge of appellant's prior domestic violence conviction. The questioning is set forth, supra. When the State asked Yanders whether she knew what happened on the night of appellant's arrest beyond what appellant had told her, she replied, "No, sir, I do not. But I will say I have never known my brother to be aggressive." Yanders response went beyond the State's question. Although appellant did not himself open the door, it was a defense witness who did so. Once Yanders made the statement, we find the trial court did not abuse its discretion in allowing the State to question her about appellant's domestic violence conviction, particularly when coupled with the trial court's limiting instruction.
 {¶ 71} Appellant's fourth assignment of error is overruled.
 V {¶ 72} In his final assignment of error, appellant maintains the trial court imposed a sentence which was unlawfully excessive and contrary to law.
 {¶ 73} R.C. 2953.08 governs an appeal of sentence for felony. Subsection (G)(1) states as follows: The court hearing an appeal of a sentence under division (A) or (B)(1) or (2) of this section may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
 {¶ 74} "A. That the record does not support the sentence;
 {¶ 75} "* * *
 {¶ 76} "D. That the sentence is otherwise contrary to law."
 {¶ 77} Appellant was found guilty of two counts of assault of a peace officer in violation of R.C. 2903.13(C)(3), both felonies of the fourth degree. Pursuant to 2929.14(A)(4), felonies of the fourth degree are punishable by six through eighteen months imprisonment. The trial court sentenced appellant to a definite term of seventeen months of prison on each count, and ordered the sentences be served concurrently. Because the trial court did not sentence appellant to the maximum sentence, the court was not required to make any findings. The trial court sentenced appellant within the permissible parameters for each count; therefore, we find the sentence was not excessive or contrary to law.
 {¶ 78} Appellant's fifth assignment of error is overruled.
 {¶ 79} The judgment Richland County Court of Common Pleas is affirmed.
Wise, J. and Boggins, J., concur.