OPINION *Page 2 
{¶ 1} Defendant-appellant Hyme J. Urbina appeals the judgment of the Defiance County Court of Common Pleas finding him guilty of burglary, robbery, theft, and possession of cocaine. For the reasons that follow, we affirm.
 {¶ 2} On February 2, 2005, four individuals robbed Michael Partee at his home in rural Defiance County, Ohio. Accounts differ as to whether Urbina participated in the robbery. Partee claimed Urbina did; Urbina claimed he did not.
 {¶ 3} On March 4, 2005, the Defiance County Grand Jury indicted Urbina, in Case No. 05 CR 09186, for the following: aggravated burglary in violation of R.C. 2911.11(A)(1), a first-degree felony; robbery in violation of R.C. 2911.02(A)(2), a second-degree felony; and grand theft in violation of R.C. 2913.02(A)(3), a fourth-degree felony. Urbina was also indicted in a separate proceeding, Case No. 05 CR 09264, for possession of cocaine in a violation of R.C. 2925.11(A) and (C)(4)(A). The prosecutor moved to join the two cases for trial, and the trial court granted the prosecutor's request.
 {¶ 4} The cases proceeded to a two-day jury trial. Ultimately, the jury found Urbina not guilty of aggravated burglary but guilty of the lesser-included offense of burglary, a violation of R.C. 2911.12(A)(3) and a fourth-degree felony. The jury also found Urbina guilty of robbery, theft, and possession of cocaine. The trial court accepted the jury's verdicts. *Page 3 
 {¶ 5} Shortly thereafter, the trial court held a sentencing hearing. As pertinent to this appeal, the trial court sentenced Urbina to an eighteen-month prison term for burglary and an eight-year prison term for robbery. The trial court ordered Urbina to serve the terms consecutively for a cumulative term of nine years and six months.[1]
 {¶ 6} Urbina subsequently moved for a new trial under Crim.R. 33(A)(6). The trial court held a hearing on the motion. Following the hearing, the trial court denied Urbina's request.
 {¶ 7} Urbina now appeals to this court and sets forth three assignments of error for our review. We quote Urbina's assignments of error exactly as he presented them to us in his brief.
 ASSIGNMENT OF ERROR NO. I The verdict of the jury is inconsistent in finding defendant-appellant guilty of robbery and guilty of burglary instead of aggravated burglary.
 {¶ 8} In his first assignment of error, Urbina argues the jury's not guilty verdict on the aggravated burglary count is inconsistent with the jury's guilty verdict on the robbery count. From this premise, Urbina concludes we must overturn the jury's guilty verdict on the robbery count. *Page 4 
 {¶ 9} The prosecution charged Urbina with aggravated burglary, robbery, and grand theft in three different counts. Significantly, the Ohio Supreme Court has held "[t]he several counts of an indictment containing more than one count are not interdependent and an inconsistency in a verdict does not arise out of inconsistent responses to different counts, but only arises out of inconsistent responses to the same count." State v. Adams (1978), 53 Ohio St.2d 223, 7 O.O.3d 393,374 N.E.2d 137, paragraph two of the syllabus, vacated on other grounds (1978), 439 U.S. 811, 99 S.Ct. 69, 58 L.Ed.2d 103; see, also, State v.Lovejoy (1997), 79 Ohio St.3d 440, 446, 683 N.E.2d 1112; State v.Hicks (1989), 43 Ohio St.3d 72, 78, 538 N.E.2d 1030, citing UnitedStates v. Powell (1984), 469 U.S. 57, 68, 105 S.Ct. 471, 83 L.Ed.2d 461.
 {¶ 10} The two crimes at issue, aggravated burglary and robbery, require the prosecution to prove the same element; that Urbina did inflict or threaten to inflict physical harm to Partee. R.C.2911.11(A)(1); 2911.02(A)(1). In this regard, Urbina argues an inconsistency exists: the jury's not guilty verdict on the aggravated burglary count indicates he did not inflict or threaten to inflict physical harm; but, the jury's guilty verdict on the robbery counts indicates he did inflict or threaten to inflict physical harm. Urbina concludes the alleged inconsistency justifies overturning the jury's guilty verdict on the robbery count. *Page 5 
 {¶ 11} Even if we assume an inconsistency exists, the inconsistency pertained to the same element in two different crimes. Plus, the prosecution charged the two different crimes in two different counts. The foregoing authority makes clear that an "inconsistency in a verdict" does not arise under such circumstances. Accordingly, we conclude no inconsistency exists that justifies overturning the jury's guilty verdict on the robbery count, and we overrule Urbina's first assignment of error.
 ASSIGNMENT OF ERROR NO. II The court erred in denying defendant-appellant's request to recall state's witness on cross-examination after newly-discovered evidence.
 {¶ 12} In his second assignment of error, Urbina argues the trial court erred because it refused to permit him to recall Partee after Partee testified during the prosecution's case-in-chief. As we discuss infra, Urbina sought to recall Partee to impeach him with "newly-discovered evidence," the "surprise testimony" of defense witness Shane Chestnut. At trial, defense counsel alleged he did not learn about the testimony until after Partee testified because Chestnut, who was incarcerated, did not provide the testimony until the second day of trial.
 {¶ 13} On the first day of trial, the prosecution presented its case-in-chief. Partee testified for the prosecution, and he discussed the events surrounding the robbery. Specifically, Partee testified an individual who he could not identify *Page 6 
forcibly entered his house through his front door. Partee also testified Urbina followed the individual inside. Defense counsel cross-examined Partee, and when Partee finished testifying, defense counsel reserved the right to recall him.
 {¶ 14} Urbina presented his case-in-chief on the second day of trial. Chestnut testified for Urbina, and defense counsel asked Chestnut on direct-examination if he spoke with Partee in February 2005. The prosecution objected on hearsay grounds, and the trial court excused the jury and permitted defense counsel to proffer Chestnut's testimony. Chestnut testified: he spoke with Partee in February 2005; Partee said Urbina did not follow anyone inside the house; and Partee said Urbina partially entered the house, turned around, walked away, and waited in the car. The trial court sustained the prosecution's hearsay objection.
 {¶ 15} Immediately thereafter, the trial court, defense counsel, and the prosecution discussed two issues: whether Urbina could recall Partee on cross-examination; and, if so, whether Urbina could use Chestnut's testimony under Evid.R. 16(B) as extrinsic evidence of a prior inconsistent statement to impeach Partee. The record provides, in pertinent part, as follows:
 The Court: That testimony [Chestnut's testimony] is not going to be admissible.
 [Defense Counsel]: I think it goes — It goes to — It's not entered for the purpose of the truth of the matter. It's — It certainly goes to the credibility of Mike Partee. *Page 7 
 The Court: It's certainly offered for the truth of the matter asserted under the circumstances in which you are presenting it. It is a, if anything, a prior inconsistent statement given by the witness and certainly would have been the subject of an appropriate cross examination of that witness. Whether you can then go on and try to prove the existence of that statement by extrinsic evidence, uh, is — That is not the case. You can't prove the existence of that prior inconsistent statement by extrinsic evidence. The — This is —
 [Defense Counsel]: It goes to the credibility of that witness.
 The Court: It's —
 [Defense Counsel]: Well, I ought to recall that witness then.
 The Court: You can recall that witness and cross examine him but he — You're going to live with his answers. I mean this is — This is pure hearsay not within an exception the Court can see.
 [Prosecutor]: Your Honor, I, uh, agree with the Court's rendition of Evidence Rule 613(B) but I'm not sure that he would still be able to recall the witness just to open that line of questioning, uh, on a basis of a cross examination. I have to disagree with that. I think the Court's ruling was exactly correct.
(Emphasis added.)
 {¶ 16} On appeal, Urbina argues the trial court erred because it refused to permit him to recall Partee on cross-examination after Partee testified during the prosecution's case-in-chief. Clearly, however, the record reflects the trial court permitted Urbina to recall Partee. Apparently, Urbina elected not to do so, presumably because the trial court indicated it would not permit Urbina to use Chestnut's testimony under Evid.R. 613(B) as extrinsic evidence. *Page 8 
 {¶ 17} In short, we fail to see how the trial court erred. The trial court did not refuse to permit Urbina to recall Partee on cross-examination. Accordingly, we find Urbina's argument to the contrary meritless, and we overrule Urbina's second assignment of error.
 ASSIGNMENT OF ERROR NO. III The court erred in refusing to grant a new trial based on proffer of newly-discovered evidence.
 {¶ 18} In his third assignment of error, Urbina claims the trial court erred when it denied his motion for a new trial under Crim.R. 33(A)(6). To support his claim, Urbina argues Chestnut's proffered "surprise testimony" constitutes "newly-discovered evidence." As we noted above, defense counsel alleged he did not learn about the testimony until the second day of trial.
 {¶ 19} A trial court has discretion to deny a defendant's motion for a new trial under Crim.R. 33(A)(6). State v. Schiebel (1990),55 Ohio St.3d 71, 564 N.E.2d 54, paragraph one of the syllabus. As such, we will not overturn the trial court's decision on that issue absent an abuse of that discretion. Id. An abuse of discretion suggests a trial court's decision is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.
 {¶ 20} To prevail on a motion for a new trial based on newly discovered evidence, a defendant must show: the new evidence has been discovered since the *Page 9 
trial; the new evidence is material to the issues; the new evidence could not have been discovered before trial even with the exercise of due diligence; the new evidence is not cumulative to former evidence; the new evidence discloses a strong probability that it will change the result if a new trial is granted; and the new evidence does not merely impeach or contradict former evidence. State v. Petro (1947),148 Ohio St. 505, 36 O.O. 165, 76 N.E.2d 370, syllabus. Additionally, the procedural rule that applies here, Crim.R. 33, provides in pertinent part as follows:
 (A) Grounds.
 A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 * * *
 (6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.
(Emphasis added.) *Page 10 
 {¶ 21} As a threshold matter, we fail to see how Chestnut's "surprise testimony" constitutes new evidence. But, even if we assume that it does, we nevertheless conclude Urbina did not satisfy several of the requirements needed to prevail on a Crim.R. 33(A)(6) motion for a new trial. For example, Urbina did not sufficiently establish that the "new evidence" could not have been discovered before trial even with the exercise of due diligence, or that the "new evidence" did not merely impeach or contradict former evidence. See Petro, 148 Ohio St. 505, syllabus.
 {¶ 22} Furthermore, we conclude Urbina did not comply with the express procedural requirements set forth in Crim.R. 33(A)(6). At no time did Urbina produce an affidavit documenting the "new evidence." And, although Urbina proffered Chestnut's testimony at trial, nothing indicates the proffer negated the affidavit requirement. Urbina did not present any authority establishing that it did, nor have we found such authority.
 {¶ 23} In sum, we cannot say the trial court acted unreasonably, arbitrarily, or unconscionably when it denied Urbina's motion for a new trial. As such, the trial court did not abuse its discretion, and we overrule Urbina's third assignment of error. *Page 11 
 {¶ 24} Finding no error prejudicial to Urbina in the particulars assigned and argued, we affirm.
Judgment affirmed.
 SHAW and WILLAMOWSKI, JJ., concur.
[1] The jury found Urbina guilty of theft, not grand theft, because the jury found the value of the property taken equaled or exceeded $500 but not $5,000. R.C. 2913.02(B)(2). The jury also found Urbina guilty of possession of cocaine. The trial court did not sentence Urbina for theft because it is an allied offense of robbery. The trial court did, however, sentence Urbina for possession of cocaine in Case No. 05 CR 09264 in a separate judgment entry. *Page 1