OPINION JUDGMENT ENTRY
{¶ 1} Appellant Mark Rector appeals from his conviction in the Delaware Municipal Court, Delaware County. The relevant facts leading to this appeal are as follows.
 {¶ 2} In the early morning hours of December 28, 2003, appellant was stopped for OMVI by a police officer in Sunbury, Ohio. Appellant pled not guilty and the matter proceeded through the pretrial phase as discussed infra. On February 12, 2004, following a jury trial, appellant was found guilty of driving while intoxicated, failing to drive in marked lanes, driving under suspension, and obstructing official business. The court thereupon sentenced appellant to a total of 450 days in jail.
 {¶ 3} Appellant timely appealed and herein raises the following two Assignments of Error:
 {¶ 4} "I. The appellant was prejudiced by ineffective assistance of counsel when his appointed counsel requested a continuance and thus eliminated his chance of an acquittal on speedy trial grounds.
 {¶ 5} "II. The appellant was denied his right to a speedy trial."
 I. {¶ 6} In his First Assignment of error, appellant contends he was denied the effective assistance of trial counsel. We disagree.
 {¶ 7} Our standard of review for an ineffective assistance claim is set forth in Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case of State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. Id.
 {¶ 8} Appellant does not dispute that he was brought before the court for arraignment on December 29, 2003. Appellant further does not dispute that the time from December 29, 2003 to January 7, 2004 is tolled due to his request for the appointment of counsel. See Judgment Entry, January 4, 2004. As appellant was in jail during this time, the days from January 8, 2004 until January 29, 2004 fall under the "triple-count" provision of R.C2945.71(E). Therefore, the proper initial calculation is 21 days times 3, equaling 63 days.
 {¶ 9} On January 29, 2004, appellant's then-counsel requested a continuance of the trial date, which was originally set for January 29, 2004. The basis for this was that appellant had refused a plea offer. In the meantime, the State had also requested a continuance of the January 29, 2004 trial date, on the grounds that a testifying police officer would be unavailable due to a family medical situation. The court, based on appellant's motion, continued the trial until February 5, 2004. On that date, however, appellant (who had been released on bond on February 2, 2004) failed to appear, and a bench warrant was issued. On February 9, 2004, the warrant was vacated. The court tolled the time due to appellant's failure to appear. See Judgment Entry, February 9, 2004. The trial thereupon took place on February 12, 2004.
 {¶ 10} Given the above time frames, we are unpersuaded that appellant's trial counsel's act of seeking a continuance was violative of any essential duty to appellant under these facts. Even if the period from January 29, 2004 until February 5, 2004 had not been tolled due to the trial continuance at defense counsel's request, this would have constituted a maximum of four more days under the triple count provision, or 12 days (4 x 3), plus three days following appellant's pretrial release from jail on February 2, 2004, for a total of 15. Adding this to the original 63 days outlined above would still result in a total under the 90-day requirement of R.C. 2945.71(B)(2).[1]
 {¶ 11} Appellant's First Assignment of Error is therefore overruled.
 II. {¶ 12} In his Second Assignment of Error, appellant contends the trial court erred in allegedly violating his speedy trial rights. However, appellant failed to raise this issue before the trial court. A defendant cannot raise a speedy trial claim for the first time on appeal. Worthington v. Ogilby (1982),8 Ohio App.3d 25, para. two of the syllabus.
 {¶ 13} Accordingly, we decline to further address appellant's Second Assignment of Error.
 {¶ 14} For the reasons stated in the foregoing, the judgment of the Delaware Municipal Court, Delaware County, Ohio, is affirmed.
Wise, J., Gwin, P.J., and Hoffman, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware Municipal Court, Delaware County, Ohio, is affirmed.
Costs to appellant.
[1] After February 5, 2004, we find the days would have been tolled as being "occasioned by the neglect or improper act of the accused." R.C. 2945.72(D).