The **STATE** of Ohio, Appellee,

v.

**TURNER**, Appellant.

[Cite as *State v. Turner,* 168 Ohio App.3d 176, 2006-Ohio-3786.]

Court of Appeals of Ohio,
Fifth District, Licking County.

No. 05CA108.

Decided July 21, 2006.

Kenneth Oswalt, for appellee.

Diane M. Menashe, for appellant.

———————

BOGGINS, Judge.

{¶ 1} This is an appeal from the Common Pleas Court of Licking County wherein appellant was found guilty by a jury of attempted murder and felonious assault with a gun specification.

## STATEMENT OF THE FACTS AND CASE

{¶ 2} The facts underlying the charges are not of consequence to this appeal, which involves issues of law.

{¶ 3} There are four assignments of error:

## ASSIGNMENTS OF ERROR

{¶ 4} "I. The trial court committed plain error in trying Mr. Turner after his speedy-trial time had run. R.C. 2945.71; Section 10, Article I, Ohio Constitution; Sixth and Fourteenth Amendments, United States Constitution.

{¶ 5} "II. Counsel's failure to make an objection to the violation of Mr. Turner's right to a speedy trial denied Mr. Turner the effective assistance of counsel. Section 10, Article I, Ohio Constitution; Sixth and Fourteenth Amendments, United States Constitution.

{¶ 6} "III. The trial court erred in imposing non-minimum and consecutive terms of imprisonment, in violation of Mr. Turner's right, pursuant to *Blakely v. Washington,* to have a jury make fact findings necessary under Ohio law to impose statutory maximum or multiple terms of imprisonment. (Judgment entry of sentence, Sept. 29, 2005.)"

{¶ 7} "IV. The trial court erred in denying Mr. Turner's new trial motion without a hearing. Crim.R. 33. (Entry, October 24, 2005.)"

## I

{¶ 8} The first assignment asserts plain error as to a violation of the right to a speedy trial. We disagree.

{¶ 9} R.C. 2945.71 states:

{¶ 10} "(A) Subject to division (D) of this section, a person against whom a charge is pending in a court not of record, or against whom a charge of minor

misdemeanor is pending in a court of record, shall be brought to trial within thirty days after the person's arrest or the service of summons.

{¶ 11} "(B) Subject to division (D) of this section, a person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial as follows:

{¶ 12} "(1) Within forty-five days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the third or fourth degree, or other misdemeanor for which the maximum penalty is imprisonment for not more than sixty days;

{¶ 13} "(2) Within ninety days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days.

{¶ 14} "(C) A person against whom a charge of felony is pending:

{¶ 15} "(1) Notwithstanding any provisions to the contrary in Criminal Rule 5(B), shall be accorded a preliminary hearing within fifteen consecutive days after the person's arrest if the accused is not held in jail in lieu of bail on the pending charge or within ten consecutive days after the person's arrest if the accused is held in jail in lieu of bail on the pending charge;

{¶ 16} "(2) Shall be brought to trial within two hundred seventy days after the person's arrest.

{¶ 17} "(D) A person against whom one or more charges of different degrees, whether felonies, misdemeanors, or combinations of felonies and misdemeanors, all of which arose out of the same act or transaction, are pending shall be brought to trial on all of the charges within the time period required for the highest degree of offense charged, as determined under divisions (A), (B), and (C) of this section.

{¶ 18} "(E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. This division does not apply for purposes of computing time under division (C)(1) of this section.

{¶ 19} "(F) This section shall not be construed to modify in any way section 2941.401 or sections 2963.30 to 2963.35 of the Revised Code."

{¶ 20} Implementation of the plain-error doctrine is to be taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. *Reichert v. Ingersoll* (1985), 18 Ohio St.3d 220, 223, 18 OBR 281, 480 N.E.2d 802; *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804. The plain-error doctrine permits correction of judicial proceed-

ings where error is clearly apparent on the face of the record and is prejudicial to the appellant. *Reichert,* 18 Ohio St.3d at 223, 18 OBR 281, 480 N.E.2d 802. See, also, *State v. Eiding* (1978), 57 Ohio App.2d 111, 11 O.O.3d 113, 385 N.E.2d 1332. Although the plain-error doctrine is a principle applied almost exclusively in criminal cases, the Ohio Supreme Court has stated that the doctrine may also be applied in civil causes, if the error complained of would have a material adverse effect on the character and public confidence in judicial proceedings. *Reichert,* 18 Ohio St.3d at 223, 18 OBR 281, 480 N.E.2d 802, citing *Schade v. Carnegie Body Co.* (1982), 70 Ohio St.2d 207, 209, 24 O.O.3d 316, 436 N.E.2d 1001; *Yungwirth v. McAvoy* (1972), 32 Ohio St.2d 285, 288, 61 O.O.2d 504, 291 N.E.2d 739.

{¶ 21} First, an appellant cannot raise a speedy-trial issue for the first time on appeal. *Worthington v. Ogilby* (1982), 8 Ohio App.3d 25, 8 OBR 26, 455 N.E.2d 1022. *State v. Rector,* 5th Dist. No. 04CAC03022, 2004-Ohio-4549, 2004 WL 1926116.

{¶ 22} Even if an appearance of a violation of R.C. 2945.71 appears on the face of the record, the failure to raise the question of such a violation denies the appellee the opportunity to establish that tolling of the statute occurred. The proper approach is the filing of a postconviction-relief petition alleging ineffective assistance of counsel. In such a procedure, both the appellant and the appellee could develop the issue of whether tolling occurred. *State v. Vance,* 5th Dist. Nos. 2003CA0041, 2003CA0030, 2004-Ohio-258, 2004 WL 102782.

{¶ 23} We therefore determine that the plain-error doctrine is inapplicable.

{¶ 24} The first assignment of error is rejected.

## II

{¶ 25} The second assignment is related to the first in that the failure to object is stated as ineffective representation.

{¶ 26} The standard of review of an ineffective-assistance-of-counsel claim is well established. Pursuant to *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that in the absence of those errors, the result of the trial court would have been different. *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.

{¶ 27} Since, as stated heretofore, the mere failure to raise the speedy-trial issue does not necessarily indicate a failure of proper representation because the objection may not have been meritorious, given the opportunity for the state

to possibly establish tolling. Again, a postconviction petition can develop the appropriate facts.

{¶ 28} The second assignment is not well taken.

## III

{¶ 29} The third assignment asserts that a jury determination of the facts supporting the sentence imposed is required under *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. We disagree but remand for resentencing.

{¶ 30} In *Blakely*, the United States Supreme Court held that if a defendant's sentence is increased beyond the maximum term authorized by a jury verdict or admission of the defendant, the facts to support that increase must either be heard by a jury under a beyond-a-reasonable-doubt standard or admitted by the defendant. See, also, *Apprendi v. New Jersey* (2000), 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435.

{¶ 31} In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Ohio Supreme Court recently held that R.C. 2929.14(E)(4), which governs the imposition of consecutive sentences, violates *Blakely*. The court noted that R.C. 2929.14(E)(4) and 2929.19(B)(2)(c) require a trial court imposing consecutive sentences to make statutorily enumerated findings and give reasons supporting the findings. With respect to R.C. 2929.14(E), the Ohio Supreme Court held as follows: "[B]ecause the total punishment increases through consecutive sentences only after judicial findings beyond those determined by a jury or stipulated to by a defendant, R.C. 2929.14(E)(4) violates principles announced in *Blakely*." Id. at ¶ 67. On that basis, the court found R.C. 2929.14(E)(4) unconstitutional.

{¶ 32} Furthermore, in *Foster*, the Ohio Supreme Court held that R.C. 2929.14(C), which governs maximum prison terms, does not comply with *Blakely* and is therefore also unconstitutional. R.C. 2929.14(C) states that "the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section." In holding that section unconstitutional, the Ohio Supreme Court stated: "We have consistently held that R.C. 2929.14(C) requires that specific findings be made before a maximum sentence is authorized. * * * As it stands, R.C. 2929.14(C) creates a presumption to be overcome only by judicial fact finding. It does not comply with *Blakely*." *Foster* at ¶ 64.

{¶ 33} In *Foster*, the Ohio Supreme Court held that its decision was to be applied to all cases pending on direct review or not yet final. We further note that the court held that the unconstitutional provisions could be severed and that, after severance, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.

{¶ 34} In light of the Ohio Supreme Court's recent decision in *Foster*, this court must vacate appellant's sentence and remand for resentencing because the court may have considered unconstitutional factors in the imposition of the sentences.

## IV

{¶ 35} The fourth assignment asserts abuse of discretion due to the lack of a hearing on appellant's motion for a new trial, which claimed that improper statements were allegedly made in the presence of the jury.

{¶ 36} In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140. We must look at the totality of the circumstances and determine whether the trial court acted unreasonably, arbitrarily, or unconscionably.

{¶ 37} Appellant, in his motion for a new trial, asserted several factors, but the only one referred to in assignment four was that improper statements were made by persons in the presence of the jury.

{¶ 38} His contention is supported by affidavits from Sirani Turner, Manuel V. Turner, and Ambrose Turner.

{¶ 39} Affidavits from Cathy Fairchild and Jim Bailey controvert these claims.

{¶ 40} The fourth assignment is addressed, however, solely to the denial of the motion for new trial without a hearing and asserts that a hearing is required under Crim.R. 33.

{¶ 41} An examination of that rule reveals that a hearing is not mandated.

{¶ 42} In addition, as to improper communication with the jury, the Ohio Supreme Court, in *State v. Hipkins* (1982), 69 Ohio St.2d 80, 83, 23 O.O.3d 123, 430 N.E.2d 943, has held:

{¶ 43} "Conversations by a third person with a juror during the progress of a trial for the purpose of influencing the verdict may invalidate the verdict, but where there is nothing in the record to demonstrate that the decision might have

been influenced by such conversation, the refusal of the trial court to grant a new trial will not be disturbed."

{¶ 44} As the trial judge correctly determined, there is nothing in the record indicating that any jurors either heard any improper statements or were influenced thereby.

{¶ 45} We therefore reject this fourth assignment.

{¶ 46} The judgment of the Licking County Court of Common Pleas is affirmed in part, reversed in part, and remanded.

Judgment affirmed in part
and reversed in part,
and cause remanded.

FARMER, P.J., and EDWARDS, J., concur.