OPINION *Page 2 
{¶ 1} Defendant-Appellant Bonny Joseph Antony ("Antony") appeals the November 6, 2007 Judgment of the Court of Common Pleas, Hardin County, Ohio overruling Antony's motion for a new trial.
 {¶ 2} Antony's motion stems from convictions for Importuning, a felony of the fifth degree, in violation of Ohio Revised Code Section 2907.07, Attempted Sexual Conduct with a Minor, a felony of the fourth degree, in violation of R.C. 2923.02(A) and 2907.04, and Possession of Criminal Tools, a felony of the fifth degree, in violation of R.C. 2923.24. Antony was convicted by a jury on November 3, 2006. On direct appeal, this Court has affirmed Antony's convictions and described the facts of the case as follows:
 This matter stems from a series of internet conversations beginning on May 20, 2006 between Antony and a girl he believed to be Tiffany McCarthy. These conversations occurred in a Yahoo chat room. Tiffany McCarthy (herein after referred to as "Tiffany") was, in fact, a persona created by Patrolman Ricky Dean McGinnis of the Ada Village Police Department. Patrolman McGinnis created Tiffany as part of an investigation targeting internet predators.
 Both Antony and Tiffany have profiles on the social networking website, MySpace, and Tiffany also had a profile on Yahoo. Tiffany's MySpace profile stated that she was a fifteen year-old girl from Ada, Ohio. There is a picture posted on Tiffany's MySpace page, created by Patrolman McGinnis, of an eighteen year old criminal justice student at Ohio Northern University, used with her permission. The same picture is posted on Tiffany's Yahoo profile. *Page 3 
 Antony and Tiffany first met in a chat room on Yahoo Messenger Service, which allowed the parties to talk back and forth over the internet. Patrolman McGinnis chatted as Tiffany under the name "tiffany_mccarthy012" and Antony referred to himself as "coolguy7374." The first conversation between Antony and Tiffany occurred on May 20, 2006. During that conversation, Tiffany revealed that she was fifteen years-old. When asked, Antony stated that he was 26, and quickly restated that he was 27. Actually, Antony is thirty-seven. Antony and Tiffany exchanged personal information about friends and family before he inquired if she had a webcam. Soon after, Tiffany signed off for the day.
 The next conversation occurred on May 27, 2006, and was initiated by Antony. It was very brief and Tiffany quickly left the chat. However, on May 28, 2006 Antony and Tiffany engaged in a longer chat. Antony initiated the conversation and asked if Tiffany's mother would be working and out of the house that evening. He also stated that he was "planning to come to you and have some wine coolers." Tr.p. 58. Quickly, the conversations between Anthony and Tiffany turned sexual in nature, with Anthony initiating the discussion of those topics.
 As the conversation progressed, Antony made plans to visit Tiffany that evening. In furtherance of those plans, he took her address and the phone number of a neighbor's house that Tiffany stated she would call from. He also gave her his number, so that she could call him to let him know when he could come in from Akron.
 Later in the day, Patrolman McGinnis had a female 911 operator contact Antony. During the call Antony asked "can I come pick you up and we go to and pick up some coolers?" Tiffany replied that he could come pick her up. Subsequently, Antony stated that he would be at Tiffany's in two and a half hours.
 At around 7:45 p.m. on May 28, Antony showed up at what he believed to be Tiffany's home. Antony was invited into the residence and immediately taken into custody. Upon arrest, Antony immediately stated that he was there to meet a female *Page 4 and that she was twenty-one. When Antony arrived he had a box of condoms in his car.
State v. Antony, 3rd Dist. No. 6-07-01, 2007-Ohio-5480.
 {¶ 3} On September 14, 2007 Antony filed a motion for a new trial. In considering the motion, the trial court found that it was without jurisdiction to rule on the motion because the direct appeal of the case was pending before this Court. This Court affirmed Antony's convictions on October 15, 2007. On October 19, 2007 Antony again filed his motion for a new trial. The State responded in opposition on October 31, 2007.
 {¶ 4} On November 6, 2007 the trial court overruled Antony's motion finding as follows:
 A review of the alleged new evidence however reveals that the same is not new, but merely a new way to look at evidence that was available at the time of trial. The motion questions trial strategy and procedures employed by Defendant's counsel. Any issues concerning ineffective assistance of counsel would have had to be raised on direct appeal and the same was not an issue when the Court of Appeals upheld the trial verdict. This Court questions that even if such matters were raised at a new trial, that the outcome would not change. There was sufficient evidence adduced at trial to allow a jury to find Defendant guilty and the proposed new evidence would not change that outcome.
 {¶ 5} Antony now appeals, asserting a single assignment of error
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY DENYING HIS MOTION FOR A NEW TRIAL. *Page 5 
 {¶ 6} In his sole assignment of error, Antony argues that the trial court erred in denying his motion for a new trial. Specifically, Antony argues that new evidence had been discovered since trial.
 {¶ 7} Motions for a new trial are governed by Ohio Crim. R. 33. The decision to grant or deny a defendant's motion for a new trial under Crim.R. 33(A)(6) is within the sound discretion of the trial court.State v. Schiebel (1990), 55 Ohio St.3d 71, 564 N.E.2d 54, paragraph one of the syllabus. As such, we will not overturn the trial court's decision on that issue absent an abuse of that discretion. Id. An abuse of discretion suggests a trial court's decision is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 8} To prevail on a motion for a new trial based on newly discovered evidence, a defendant must show:
 the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.
State v. Petro (1947), 148 Ohio St. 505, 36 O.O. 165, 76 N.E.2d 370, syllabus; see also State v. Urbina, 3rd Dist. No. 4-06-33, 2007-Ohio-3131. *Page 6 
 {¶ 9} As an initial matter, we note that Antony's motion for a new trial is untimely. Ohio Crim. R. 33(B) states the appropriate time frame for filing a motion for a new trial, providing:
 Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.
 Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.
 {¶ 10} In the case sub judice, the jury verdict was rendered on November 3, 2006. Antony's initial motion for a new trial was not filed until September 14, 2007. Although we note that the trial court refused to consider this motion because Antony's direct appeal was currently pending before this Court, the initial motion for a new trial was still filed outside of the 120-day time limit. Moreover, we note that no court order was issued allowing Antony to file his motion outside *Page 7 
the one hundred and twenty day time limit as required by the rule.[1]
Moreover, Antony never alleged that he was unavoidably prevented from discovering new evidence in his motion.
 {¶ 11} Although we find Antony's motion for a new trial to be untimely, in the interest of justice, we elect to address the merits of Antony's motion. Ohio Crim. R. 33(A) provides the permissible grounds for seeking a new trial, providing:
 A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 * * *
 When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses. *Page 8 
 {¶ 12} Antony alleges, in support of his motion, that new evidence was discovered, which is sufficient to meet the test articulated inPetro to warrant the grant of a new trial.
 {¶ 13} First, Antony contends that he has discovered additional evidence to dispute the age of the fictional Tiffany at the time he was engaging in sexual internet chats with her. In support of that contention, Antony offers evidence that Tiffany's Yahoo profile may have stated that Tiffany was nineteen. We note, however, that Antony makes no claims that this profile information was even available to him at the time he was engaging in the chats with Tiffany. It appears that Antony gained access to this information when Tiffany's Yahoo profile was introduced at trial, not while he was engaging in sexual internet chats with her.
 {¶ 14} Copious additional information was also introduced at trial indicating that Antony knew that Tiffany was fifteen. Officer McGinnis testified that Tiffany's MySpace profile indicated that she was fifteen and in ninth grade. A copy of Tiffany's MySpace profile substantiating this testimony was introduced at trial. We do note, however, that Tiffany's MySpace profile lists her age as 16 at the beginning of her profile. Officer McGinnis testified that Tiffany's age was listed as sixteen because sixteen was the required age in order to have a public profile. In fact, Antony's profile listed that he was one hundred years old. *Page 9 
 {¶ 15} Most importantly, the information Antony was given directly by Tiffany during the chats indicated that she was fifteen. Officer McGinnis testified as to the contents of the chats between Antony and Tiffany and copies of the chats were introduced as exhibits at trial. At the beginning of the first chat between Antony and Tiffany, she states that she is fifteen. (Tr.p. 51). Later in the conversation Antony asks if Tiffany has any single friends and she states "L-O-L, at fifteen, lots." (Tr.p. 52). Tiffany also stated that "at fifteen I haven't had much experience," when Antony inquired into her sexual experience. All of this information concerning Tiffany's age was given to the jury at trial.
 {¶ 16} Antony also offers that Tiffany's Yahoo profile was completed from an IP address[2] that is not listed as the primary IP for the Ada Police Department. Antony contends that this somehow calls into question whether these chats occurred while Officer McGinnis was acting in his capacity as a law enforcement officer. This argument is nonsensical because R.C. 2907.07 does not require that Officer McGinnis complete all of his internet investigations from the same computer at the Ada Police Department. Rather, R.C. 2907.07 provides as follows:
 No person shall solicit another by means of a telecommunications device, as defined in section 2913.01 of the Revised Code, to engage in sexual activity with the offender *Page 11 when the offender is eighteen years of age or older and either of the following applies:
 * * *
 The other person is a law enforcement officer posing as a person who is thirteen years of age or older but less than sixteen years of age, the offender believes that the other person is thirteen years of age or older but less than sixteen years of age or is reckless in that regard, and the offender is four or more years older than the age the law enforcement officer assumes in posing as the person who is thirteen years of age or older but less than sixteen years of age.
R.C. 2907.07 (emphasis added).
 {¶ 17} In sum, evidence that Officer McGinnis may have used another IP address to create Tiffany's profile is irrelevant to the requirements of R.C. 2907.07. Moreover, even if Antony argues that the relevancy of this information is to prove Officer McGinnis's recollection is incorrect as to where he was working when he created Tiffany's Yahoo Profile, this merely impeaches his recollection, which is not sufficient underPetro to require the trial court to grant a motion for a new trial.
 {¶ 18} Antony next argues that the records of the chats were not printed out of the computer at the same time; and that the chats could have been altered when printed out. We note that Antony makes no specific claims as to how the chats were altered, nor does he offer the record of the chats that would have been kept under his chat log on his computer as evidence supporting this claim. Therefore, *Page 11 
this claim is supported only by a blanket allegation that the chatscould have been altered.
 {¶ 19} Perhaps most importantly with respect to the chats, we note that Antony never denied engaging in these chats at trial or sending pictures he disputes were sent.[3] Instead, Antony attempted to discredit the chats because he claimed he was trying to stop a computer hacker. A motion for a new trial cannot be used to overcome trial strategy that did not work to a defendant's benefit. Here, although Antony may raise some level of doubt into the authenticity of the chat transcripts, he offers no other version of the chats for consideration.
 {¶ 20} Finally, Antony argues that a story published in The LimaNews several months before trial, casts doubt on who was acting as Tiffany when she spoke with Antony on the phone. First, we note that this article was published months before trial, specifically used Antony's name, and was easily discoverable prior to the trial. Second, we note that the article describes several men who were arrested pursuant to the Ada Police Department's attempts to catch online predators. When the University of Northwestern Ohio student, Mika Barga, whose picture is used as Tiffany's, indicated that she had spoken on the phone as part of these investigations, she does not state which of the arrested men she has *Page 12 
spoken to on the phone.
 {¶ 21} Moreover, we note that a newspaper article is not a sworn affidavit, appropriate for supporting a motion for a new trial. Occasionally, items published in a newspaper are misquotes or simply inappropriate representations of the fact, certainly not the quality of evidence one would expect to receive at a trial under oath.
 {¶ 22} None of these proffered items of evidence satisfy thePetro test. All of these matters were discoverable before trial, and some of these items had, in fact, been introduced at trial. Moreover, all of Antony's alleged new evidence is either cumulative, or would serve to attempt to impeach evidence introduced at trial. Nothing argued in Antony's motion either alone or as a whole "discloses a strong probability that it will change the result if a new trial is granted."Petro, supra. Accordingly, Antony's assignment of error is overruled.
 {¶ 23} For the foregoing reasons, the November 6, 2007 Judgment of the Court of Common Pleas, Hardin County, Ohio overruling Antony's motion for a new trial is affirmed.
Judgment Affirmed.
 PRESTON and ROGERS, J.J., concur.
[1] We note that no hearing was held on Antony's motion for a new trial. However, a court can choose not to grant an evidentiary hearing where it finds there is no evidence presented in the motion and through affidavits sufficient to warrant an evidentiary hearing. See State v.Thompson, 8th Dist. No. 89391, 2008-Ohio-316; State v.Turner. 168 Ohio App.3d 176, 858 N.E.2d 1249, 2006-Ohio-3786. Moreover, we note that no hearing was ever requested in either of Antony's motions before the trial court.
[2] An IP address stands for "internet protocol" and is a unique address that can be used to identify a specific computer or sometimes multiple computers on a specific computer network. See IP Address,http://en.wikipedia.org/wiki/IP_address.
[3] In his brief, although not supported by any evidence or affidavits, Antony argues that pictures sent to Tiffany were never sent. Instead, Antony claims that the pictures introduced at trial were actually posted on his MySpace page. *Page 1