[Cite as *State v. Smith*, 2012-Ohio-967.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, P. J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case No. 11-CA-66 |
| NATHANIEL SMITH, JR. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Licking County Court of Common Pleas, Case No. 2010-CR-00370

JUDGMENT: AFFIRMED

DATE OF JUDGMENT ENTRY: February 28, 2012

APPEARANCES:

For Appellant:

DAVID A. SAMS
P.O. Box 40
W. Jefferson, OH 43162

For Appellee:

KENNETH W. OSWALT
LICKING COUNTY PROSECUTOR

CHRISTOPHER A. REAMER
Assistant Prosecuting Attorney
20 S. Second Street, Fourth Floor
Newark, OH 43055

*Delaney, J.*

{¶1} Defendant-appellant Nathaniel Smith, Jr. appeals from the judgment entry of conviction and sentence of the Licking County Court of Common Pleas for abduction, assault, and menacing. Plaintiff-appellee is the State of Ohio.

### Facts and Procedural History

{¶2} This case arose on July 10, 2011 when Bonnie Winchell came home from work and became involved in a verbal confrontation with appellant, her live-in boyfriend and father of the child she was expecting at the time. The verbal confrontation escalated to a physical assault when appellant struck her in the forehead at least once with his hand.

{¶3} Appellant and Winchell briefly left the residence together and returned, and argued again. Appellant told Winchell that he wanted her to take him to the east side of Newark. As they prepared to leave the house together, appellant went out the door first and Winchell shut and locked the door behind him. Appellant then kicked in the door as Winchell called 911.

{¶4} Winchell's two minor sons were present during this confrontation.

{¶5} During the 911 call, Winchell stated that she wanted appellant out of her house because he was hitting her.

{¶6} In the meantime, appellant forced his way back into the home, breaking the door frame. Appellant threw a television set and threatened to break the jaw of Winchell's son Anthony because he didn't open the door.

{¶7} Appellant then grabbed Winchell by the fabric of her shirt and they went out the front door. At trial Winchell testified that appellant "escorted" her to the car by

her shirt, and in her written statement to police she stated that she didn't want to go with appellant but he pulled her by her shirt and made her get in the car. Appellant physically placed Winchell inside the car, first in the driver's seat and then in the passenger seat.

{¶8} Appellant drove to a drive-thru store on the east side of Newark called the Bottle Shop. A car was ahead of them in line, and when appellant got out of the car to confront the driver, Winchell climbed into the driver's seat and drove off.

{¶9} Back at Winchell's residence, Officer Duncan of the Newark Police Department had arrived and found Winchell's sons upset and crying. Winchell returned shortly. She was upset and crying, and Duncan observed that her glasses were bent.

{¶10} Duncan also observed the broken door frame and the television on the floor, which he photographed for evidence.

{¶11} Duncan interviewed Winchell and obtained a written statement from her. She told him that she did not willingly go with appellant to the Bottle Shop.

{¶12} Appellant was arrested shortly thereafter and charged by indictment with one count of abduction [R.C. 2905.02(A)(1) and or (2), a felony of the third degree], one count of assault [R.C. 2903.13(A)], a misdemeanor of the first degree], and one count of menacing [R.C. 2903.22(A), a misdemeanor of the fourth degree].

{¶13} On September 8, 2010, appellant filed a *pro se* motion requesting appointment of new counsel, stating that his court-appointed counsel was not adequately representing him. On September 14, 2010, the trial court granted the motion for new court-appointed counsel and noted, "This matter shall be set for further

hearing after new counsel is appointed. Because the delay was occasioned by the act of the defendant, speedy trial time is tolled."

{¶14} On October 4, 2010, the State filed an Application for Material Witness Warrant for Winchell. The affidavit in support stated that upon receipt of her subpoena for appellant's trial, Winchell called the prosecutor and stated that she would not appear for the scheduled jury trial. The State's application was granted the same day.

{¶15} The State also filed a Notice of Intention pursuant to Evid.R. 611(C), indicating the prosecutor's intention to call Winchell as a hostile witness and adverse party.

{¶16} On October 5, 2010, the trial court noted in a judgment entry that a jury trial had been scheduled for that day but did not go forward. Winchell had been arrested on the material witness warrant, and both the prosecutor and appellant's counsel told the court she needed appointed counsel. Winchell appeared before the court in custody and requested counsel. The trial court allowed her to bond out on her own recognizance on the condition that she appear on all subpoenas and bring her children with her.

{¶17} Appellant waived his right to a jury trial.

{¶18} In light of these pending issues, the trial court continued the trial date.

{¶19} On October 7, 2010, the State filed a "Notice of Intention to Use Evidence" indicating its plan to use hearsay statements from Winchell in terms of her 911 call and her statements to officers immediately upon her return to the house.

{¶20} On November 1, 2010, a written waiver of trial by jury, signed by appellant, was filed, and the case proceeded to a bench trial. Appellant was found guilty as charged.

{¶21} Appellant was sentenced on February 18, 2011. On count one, abduction, he received a prison term of four years. Jail terms of 180 days and 30 days on the counts of assault and menacing were made concurrent, and appellant received credit for 222 days served. This sentence was made concurrent to the sentence imposed in an unrelated case.

{¶22} Appellant appeals from the judgment entry of conviction and sentence.

{¶23} Appellant raises six Assignments of Error:

{¶24} "I. DEFENDANT-APPELLANT WAS DENIED A SPEEDY TRIAL IN VIOLATION OF THE STATE AND FEDERAL CONSTITUTIONS."

{¶25} "II. DEFENDANT-APPELLANT WAS DENIED THE RIGHT OF CONFRONTATION IN VIOLATION OF THE STATE AND FEDERAL CONSTITUTIONS."

{¶26} "III. DEFENDANT-APPELLANT WAS DENIED A FAIR TRIAL BECAUSE OF PROSECUTORIAL MISCONDUCT IN VIOLATION OF THE STATE AND FEDERAL CONSTITUTIONS."

{¶27} "IV. DEFENDANT-APPELLANT WAS DENIED A FAIR TRIAL BEFORE AN IMPARTIAL JUDGE IN VIOLATION OF THE STATE AND FEDERAL CONSTITUTIONS."

{¶28} "V. THE GUILTY VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶29} "VI.   DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE STATE AND FEDERAL CONSTITUTIONS."

I.

{¶30} In his first assignment of error, appellant argues that he was denied his right to a speedy trial because of the delay occasioned by the material witness warrant for Winchell.  Appellant failed to raise this issue before the trial court, however, and a defendant cannot raise a speedy trial claim for the first time on appeal.  *State v. Turner*, 168 Ohio App.3d 176, 2006-Ohio-3786, 858 N.E.2d 1249, ¶21 (5th Dist.)., citing *Worthington v. Ogilby*, 8 Ohio App.3d 25, 455 N.E.2d 1022 (1982); *State v. Rector*, 5th Dist. No. 04 CA C 03 022, 2004-Ohio-4549; *State v. Vance*, 5th Dist. Nos. 2003CA0041, 2003CA0030, 2004-Ohio-258.

{¶31} The State alleges in its brief that a number of issues tolled the speedy trial statute.  Both parties may develop the issue of whether tolling occurred pursuant to a properly-filed postconviction relief petition.  *Id.*

II.

{¶32} Appellant asserts in his second assignment of error that his right to confront witnesses was violated by the admission of Winchell's hearsay statements to officers.  We disagree.

{¶33} Appellant refers generally to "[t]he statements made to Officer Duncan by Ms. Winchell and which he related at trial" without reference to the record.  Upon reviewing Duncan's entire testimony, appellant raised a single objection to a question which would elicit a hearsay response regarding statements by Winchell's sons.

{¶34} Regardless of the failure to object[1], the testimony was properly admitted pursuant to Evid.R. 803(1) and (2). The statements to Duncan were made immediately upon Winchell's return to the residence, within moments of her ongoing confrontation with appellant, and while she was still red-faced and crying. The record indicates Winchell was still under the stress of the events and that her statements were not the product of reflective thought. *See, State v. Britton*, 5th Dist. No. 09 CAA 02 0016, 2010-Ohio-2061, ¶34, citing *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229. We find that Winchell's statements to Duncan were properly admissible as present sense impression and/or excited utterance.

{¶35} Appellant's second assignment of error is overruled.

### III.

{¶36} In his third assignment of error, appellant incorporates his first and second assignments of error, claiming that the prosecutor committed misconduct by requesting a continuance to obtain the material witness warrant and by "offer[ing] inadmissible evidence." Based upon our findings above, we reject appellant's third assignment of error.

### IV.

{¶37} Appellant's fourth assignment of error incorporates his first assignment of error, this time asserting that the trial judge was not impartial because he was the same judge who issued the material witness warrant for Winchell. Based upon our disposal of appellant's first assignment of error, we also reject appellant's fourth

---

[1] Before trial, the State noted its intention to introduce Winchell's statements at the scene. The defense objected, and the trial court reserved its ruling, instructing the defense to renew the objection where appropriate.

assignment of error and note that the instant case is inapposite to appellant's cited authority, *Taylor v. Hayes*, 418 U.S. 488, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974).

V.

{¶38} Appellant maintains that his conviction is against the manifest weight of the evidence. We disagree.

{¶39} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and "after reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1987). Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weights heavily against the conviction." *Id.*

{¶40} Appellant's argument goes to his conviction for one count of abduction and is based upon Winchell's recantation and assertion that she willingly drove with appellant to the Bottle Shop.[2]

{¶41} Appellant was charged with one count of abduction pursuant to R.C. 2905.02(A)(1) and/or (2), which states: "No person, without privilege to do so, shall knowingly do any of the following: (1) By force or threat, remove another from the place where the other person is found; (2) By force or threat, restrain the liberty of

---

[2] Appellant does not challenge his convictions for assault and menacing.

another person under circumstances that create a risk of physical harm to the victim or place the other person in fear."

{¶42} Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212, (1967), paragraph one of the syllabus.

{¶43} In this case, the trial court was the trier of fact, and had before it the evidence consisting of Winchell's testimony, her statements to investigators, and her 911 call, in addition to Duncan's testimony and the photographic evidence of Winchell's glasses and the damage at the scene. The trial court could reasonably find that appellant forcibly removed Winchell from her home, restrained her liberty, and placed her in fear.

{¶44} We find that the trier of fact did not lose its way in convicting appellant of abduction.

{¶45} Appellant's fifth assignment of error is overruled.

VI.

{¶46} Appellant argues in his sixth and final assignment of error that he received ineffective assistance of trial counsel, incorporating the arguments made in the previous assignments of error. Appellant further argues that trial counsel was ineffective in trying the case to the court instead of a jury and in failing to object to hearsay testimony. We disagree.

{¶47} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently.

*See, Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158 (1955).

{¶48} "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶49} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

{¶50} Appellant argues that trial counsel's performance was deficient in several ways. First, he incorporates the arguments made in the preceding five assignments of error. Based upon our rejection of those arguments, we find that appellant's trial counsel was not incompetent.

{¶51} Further, appellant argues that trial counsel should not have waived jury and tried the case to the court. Appellant contends that his trial counsel was ineffective in advising him to waive her right to a jury trial, although we note that

appellant does not contend that the jury waiver was involuntary, unknowing, or unintelligent.

{¶52} Other courts have noted that waiver of jury constitutes trial strategy and "reviewing courts may not use hindsight to second-guess that strategy." *State v. Webb*, 10th Dist. No. 10AP-289, 2010-Ohio-6122, ¶75, citing *State v. Rippy,* 10th Dist. No. 08AP-248, 2008-Ohio-6680, ¶19, and *Strickland*, *supra*, 466 U.S. at 689. We decline to second-guess trial counsel's sense that the court might view the evidence against appellant more favorably than a jury.

{¶53} Appellant asserts that waiving a trial by jury was error, but we cannot say as a matter of law that appellant's choice to waive a jury trial based upon trial counsel's advice constitutes ineffective assistance of counsel.

{¶54} Finally, appellant argues that counsel's failure to object to "the testimonial hearsay at trial" constitutes ineffective assistance. While appellant makes no reference to specific hearsay in the record, he impliedly refers to Duncan's testimony regarding Winchell's statements to him during the investigation. We note that trial counsel did object to a question calling for a hearsay response regarding statements made to officers by Winchell's sons.

{¶55} When counsel's alleged ineffectiveness involves the failure to pursue a motion or legal defense, the "actual prejudice" prong of *Strickland* breaks down into two components. First, the defendant must show that the motion or defense "is meritorious," and, second, the defendant must show that there is a reasonable probability that the outcome would have been different if the motion had been granted or the defense pursued. *See, Kimmelman v. Morrison*, 477 U.S. 365, 375, 106 S.Ct.

2574 (1986); *see also*, *State v. Santana*, 90 Ohio St.3d 513, 739 N.E.2d 798 (2001) citing *State v. Lott*, 51 Ohio St.3d 160, 555 N.E.2d 293 (1990).

{¶56} Based upon our disposition of appellant's second assignment of error, objection would have been futile because the hearsay evidence of Winchell's statements to Duncan was admissible. Appellant has failed to raise the possibility that but for the admission of the hearsay, the outcome of the trial would have been different. The finder of fact still had a wealth of evidence upon which it could find appellant guilty of abduction, assault, and menacing.

{¶57} We therefore conclude that appellant has failed to provide any proof supported by the record that trial counsel's performance fell below objective standards of reasonable representation and that he was prejudiced as a result. Therefore, appellant's sixth assignment of error is overruled.

{¶58} We therefore overrule appellant's six assignments of error and affirm the judgment of the Licking County Court of Common Pleas.

By: Delaney, J.

Gwin, P. J. and

Wise, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

[Cite as *State v. Smith*, 2012-Ohio-967.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| | : | |
| NATHANIEL SMITH, JR. | : | |
| | : | Case No. 11-CA-66 |
| Defendant-Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed.  Costs assessed to Appellant.


_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. JOHN W. WISE