[Cite as *State v. Salser*, 2020-Ohio-1000.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| MARC WILLIAM SALSER | : | Case No. 2019 CA 0087 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Richland County
                                  Court of Common Pleas, Case No.
                                  2018-CR-1041


JUDGMENT:                         Affirmed


DATE OF JUDGMENT:                 March 12, 2020


APPEARANCES:

For Plaintiff-Appellee                   For Defendant-Appellant

GARY BISHOP                              JAMES L. BLUNT, II
Prosecuting Attorney                     3954 Industrial Parkway Drive
Richland County, Ohio                    Shelby, Ohio 44875


By: JOSEPH C. SNYDER
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, Ohio 44902

*Baldwin, J.*

{¶1}    Marc Salser appeals his conviction for trafficking in marijuana, a violation of R.C. 2925.03(A)(2) and (C)(3)(a), a felony of the fifth degree, with a  forfeiture specification, R.C. 2941.1417, contending that his case should have been dismissed for failure to provide a trial within statutory time limits, or, in the alternative, that he received ineffective assistance of counsel when his trial counsel failed to refile the motion to dismiss when his trial was not scheduled within a reasonable time after his first motion to dismiss was denied.  Appellee is the State Ohio.

## STATEMENT OF FACTS AND THE CASE

{¶2}    Salser was arrested on November 18, 2018[1] and was in custody until December 3, 2018 when he was released on a ten thousand dollar bond.    He remained free on bond until December 31, 2018 when his bond was revoked after he was incarcerated as the result of charges filed regarding a different matter.  He was in custody on the charges filed in this case and the unrelated case until January 18, 2019, when the unrelated charge was dismissed.  Salser remained in custody for the charges in this case and, on March 5, 2019, he filed a motion to modify his bond.

{¶3}    Before the court considered his motion to modify bond, it recognized that it would not be able to conduct a trial within the time limit set by 2945.71(C)(2) and journalized the following entry:

[1] The trial court's entry and the parties' briefs reference November 11, 2018 as the arrest date, but the correct date according to the incident report, complaint and indictment is November 18, 2018.

Due to the court's crowded docket, is not possible to set the trial within 270 days. The earliest possible date available for trial is April 8, 2019 at 9:00 a.m. Time is tolled to that date.

(Order of Trial, March 11, 2019, Docket #15).

**{¶4}** Salser posted bond on March 22, 2019 and was released. He filed a motion to dismiss based upon a violation of his speedy trial rights on March 26, 2019 and, as a result, the trial scheduled for April 8, 2019 was continued. On April 19, 2019 the motion to dismiss was heard by the trial court. The trial court reviewed the dates of Salser's custody and calculated that only two hundred fifty days had passed prior to Salser's filing his motion to modify bond on March 5, 2019. The trial court overruled his motion to dismiss and concluded that "time remains tolled from that date until the matter can be set for trial." (Judgment Entry Overruling Defendant's Motion to Dismiss, April 22, 2019, Docket #27).

**{¶5}** The next entry in the record is a hearing notice, filed June 21, 2019, scheduling the trial for August 19, 2019. A bench warrant was requested on July 8, 2019 when the probation officer for Salser revoked his bond and a hearing was scheduled on the motion for bond revocation by entry dated July 22, 2019. On July 31, 2019 a change of plea and sentencing was scheduled for August 7, 2019 and the bond revocation hearing originally scheduled for August 1, 2019 did not go forward.

**{¶6}** On August 7, 2019 Salser entered a no contest plea to the charge of trafficking in marijuana with a forfeiture specification and was found guilty. He filed a notice of appeal and has submitted three assignments of error:

**{¶7}** "I. ISSUE: WHETHER THE SUA SPONTE ORDER TO CONTINUE THE TRIAL DATE WAS A TOLLING EVENT. (SIC)"

**{¶8}** "II. ISSUE: THE AMOUNT OF DAYS INCARCERATED THAT COUNT AS A THREE FOR ONE DAY. 98 days in custody and 31 days not in custody. (SIC)"

**{¶9}** "III. ISSUE: INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO FILE A NEW MOTION TO DISMISS ON SPEEDY TRIAL GROUNDS BASED ON THE DELAY FROM APRIL 19, 2019 TO AUGUST 9, 2019. (SIC)"

I.

**{¶10}** Appellant's assignments of error focus generally on the requirement that he must be brought to trial within two hundred seventy days of his arrest. R.C. 2945.71(C)(2). Appellant's first assignment of error questions whether the trial court's March 11, 2019 sua sponte order continuing the trial to April 8, 2019 was a tolling event and cites generally to *State v. Wentworth*, 54 Ohio St.2d 171, 375 N.E.2d 424 (1978) in support of his argument. In that case the Supreme Court of Ohio concluded that "where the continuance is of such length that it is facially unreasonable and seriously open to question, and thus outside the rationale upon which *Lee* is based, the attendant facts and circumstances must be included in the record in sufficient detail so that the necessity and reasonableness of the continuance is demonstrable." *Id.* at 175. The "attendant facts and circumstances" appellant contends are necessary are relevant only if we conclude that the "continuance is of such length that it is facially unreasonable and seriously open to question" so we begin our analysis by reviewing the length of the continuance.

**{¶11}** When the trial court issued its March 11th order noting that the first available date for trial was April 8th due to the crowded docket, it had calculated that two hundred

fifty days of the speedy trial time had expired and that R.C. 2945.71 would require a trial on or before March 31, 2019. We do not find the continuance to April 8, 2019 "facially unreasonable and seriously open to question" in this context and note that once all tolling events and the correct arrest date are used in the calculation, a trial date of April 8th was well within the statutory time limit.

{¶12} Salser filed a motion to modify bond on March 5th, tolling the passage of time for completion of the trial. The motion to modify bond was granted. Salser posted bond on March 22nd, was released, and time would have begun to run against the speedy trial deadline. Using the trial court's calculation, the deadline for trial would have been twenty days later, or April 11th, but the motion to dismiss, filed March 26th, acted as another tolling event until it was decided on April 22, 2019. At the date the motion to dismiss was filed, an additional four days had passed since time had begun to run, reducing the time for trial to sixteen days after the ruling on April 22nd, which would be May 8, 2019.

{¶13} Finally, because we found the trial court was using an arrest date of November 11, 2018 when the correct date was November 18, 2018 and because that week was counted as incarcerated time, we must add twenty-one days to the deadline, so the correct deadline for trial, considering all tolling events, was May 29, 2019. Consequently, we conclude that the April 8, 2019 trial date was actually within the statutory time limit.

{¶14} Even if we were to accept Salser's calculation, with the correction of the arrest date to November 18, 2018, we would arrive at the same result. Salser contends his right to a speedy trial was violated because two hundred eighty seven days expired

prior to his filing the motion to modify bond, but he used the wrong arrest date, November 11, 2018.  Salser's calculation must be reduced by twenty-one days to account for the correct arrest date, so only two hundred sixty-six days had expired at the date of the motion using his calculation.

{¶15} Because we find that the April 8, 2019 trial date described in the March 11, 2019 order of the trial court was not "facially unreasonable and seriously open to question" and in fact was within the 270 day time limit required by the Revised Code, appellant's first assignment of error is overruled.

II.

{¶16} Appellant's second assignment of error and his argument in support suffer from an internal inconsistency that makes it difficult to understand.  The assignment of error states "ISSUE: WHETHER THE AMOUNT OF DAYS INCARCERATED THAT COUNT AS A THREE FOR ONE DAY. 98 days in custody and 31 days not in custody" (SIC) suggesting that appellant is arguing that he was incarcerated for ninety-eight days and should receive three days credit for every day incarcerated. His first motion to dismiss also contained the contention that he was incarcerated for ninety-eight days and is entitled to credit for two hundred ninety-four days toward the time limit. (Motion to Dismiss, March 26, 2019, p. 2, Docket # 21).  In his brief, he contends that he was incarcerated for the charges in this case for seventy-nine days, and that he was in custody for an additional nineteen on multiple charges.  He concedes that he is not entitled to three for one credit for the time he was incarcerated on multiple charges, but he does not refer to the record or include any explanation for his calculation of days in custody.

**{¶17}** We have reviewed the record and the calculations and find that Salser was incarcerated solely on the charges in this matter for a total of sixty-one days and that a total of two hundred thirty days of the speedy trial time limit passed prior to his filing a motion to modify bond on March 5, 2019.

**{¶18}** Salser was incarcerated when he was arrested on November 18, 2018 and was released on December 3, 2018 for a total of fifteen days incarceration. Each day of incarceration does count for three days toward the speedy trial limit, so forty-five days of the time limit expired during this period.

**{¶19}** Salser was out of custody from December 3, 2018 to December 31, 2018 when his bond was revoked after he had been incarcerated on an unrelated charge. He was held on both charges until January 18, 2019 when the other case was dismissed. Twenty-eight days passed while he was out of custody and nineteen days expired while he was being held on two unrelated cases. While Salser was in custody for two unrelated charges he was not entitled to three days for every day incarcerated. Consequently, from December 3, 2018 to January 18, 2019 forty-seven days of the speedy trial time limit expired.

**{¶20}** From the time the unrelated charges were dismissed, January 18, 2019, until the time that Salser filed a motion for bond modification on March 5, 2019, forty-six days expired, and Salser was entitled to the three-to-one credit for a total of one hundred thirty-eight days. The filing of the motion for bond modification tolled the running of time, *State v. Rouse*, 5th Dist. Tuscarawas No. 2007 AP 12 0078, 2008-Ohio-5891, ¶¶ 20-21, and the trial court's sua sponte order of March 11, 2019 extended the tolling of time at

least until April 8, 2019, the date schedule for trial in that order. *State v. Lee*, 48 Ohio St.2d 208, 210, 357 N.E.2d 1095, 1096 (1976).

**{¶21}** We find that two hundred thirty days of the speedy trial time limit expired prior to Salser's March 5, 2019 motion to modify bond and the trial court's March 11, 2019 continuance.[2]

**{¶22}** Appellant's calculation is corrupted by his reference to an arrest date of November 11, 2018 when the record reflects an arrest date of November 18, 2019. Further, though not clear in the record, it appears Appellant has neglected to account for the tolling effect of his motion to modify the bond and has included the time between the filing and his release on bond in his calculation of the time for which he was entitled to three to one credit. Regardless of the source of the error, we find no speedy trial violation occurred prior to the April 8th trial date.

**{¶23}** Appellant's second assignment of error is denied.

III.

**{¶24}** In his third assignment of error, appellant complains of ineffective assistance of counsel for his failure to renew his motion to dismiss based upon speedy trial grounds due to the passage of one hundred twenty-two days from the trial court's denial of the initial motion to dismiss to the subsequently scheduled trial date. While appellant did file a motion to dismiss based upon a speedy trial violation in March 2019, he did not raise the issue of the delay subsequent to the decision denying that first motion.

---

[2] The trial court calculated that 250 days had expired. We attribute the discrepancy to the fact that the trial court incorrectly noted that Salser was arrested on November 11, 2019 and not, as shown in the record, November 18, 2019, giving the Appellant credit for at least 7 additional incarcerated days.

{¶25} A defendant cannot raise a speedy trial for the first time on appeal. *City of Worthington v. Ogilby,* 8 Ohio App.3d 25, 455 N.E.2d 1022 (10th Dist.1982) paragraph 2 of the syllabus as quoted in *State v. Vance*, 5th Dist. Richland No. 2003CA0030, 2004-Ohio-258, ¶45.  Although on the face of the record, it appears the case was over time, the record was not properly developed on this issue. Appellee had neither the necessity nor opportunity to demonstrate whether any time was tolled under the statute. The proper mechanism to develop the record would be for appellant to file a post-conviction relief petition, alleging ineffective assistance of counsel for failing to file a motion to dismiss for speedy trial time. This would give both parties the opportunity to present evidence and testimony to establish whether or not any time was tolled. *Id.* at ¶ 46.

{¶26} Without an evidentiary hearing before the trial court to develop the record on this issue, this court is unable to review the issue and as such, as noted above it is more appropriate for postconviction relief. *State v. McCraney*, 5th Dist. Richland No. 2005CA88, 2006-Ohio-3460, ¶ 22, quoting *Vance, Id*.

{¶27} We addressed allegation of ineffective assistance in the context of a failure to file a motion to dismiss for a speedy trial violation in *State v. Keeton*, 5th Dist. Richland No. 03 CA 43, 2004-Ohio-3676, ¶ 108 and, quoting *Vance, supra,* we reaffirmed that the proper mechanism to address this alleged error is a post-conviction relief petition at which time a complete record can be compiled. *Accord State v. Turner,* 5th Dist. No. 05CA108, 168 Ohio App.3d 176, 2006-Ohio-3786, 858 N.E.2d 1249, ¶ 27 ("Since, as stated heretofore, the mere failure to raise the speedy-trial **1253 issue does not necessarily indicate a failure of proper representation because the objection may not have been

meritorious, given the opportunity for the state *181 to possibly establish tolling. Again, a postconviction petition can develop the appropriate facts.")

{¶28} Appellant's third assignment of error is overruled and the decision of the Richland County Court of Common Pleas is affirmed.

By: Baldwin, J.

Wise, John, P.J. and

Wise, Earle, J. concur.