OPINION
{¶ 1} This is an appeal brought by a creditor of a decedent's estate from the order of the Probate Court entered pursuant to R.C. 2117.17, disapproving the executor's allowance of the creditor's claim and ordering the executor to recover the amount she had previously paid the creditor in satisfaction of the claim. *Page 2 
 {¶ 2} On March 24, 2006, the Last Will and Testament of Leona Kendall was admitted to probate. The decedent's niece, Lois Gwin, was appointed executor of the decedent's estate pursuant to her nomination in the will.
 {¶ 3} One of the assets of the estate was the decedent's residential real property in Hamilton County. In May of 2004, the decedent's son, Charles Kendall, and his minor daughter, Mercedes Christy, were evicted from the property, which they left in a deplorable condition. Trash, dirty clothing, and animal feces were spread throughout the house.
 {¶ 4} After the eviction, the executor, Lois Gwin, and her mother, Barbara Kearney, spent numerous hours cleaning the decedent's house. The property was sold in April of 2005 for $101,805.94.
 {¶ 5} Lois Gwin filed an application pursuant to R.C. 2113.36 for an allowance of extraordinary services she provided as executor of the estate in cleaning the decedent's house. The Probate Court allowed $12,812.12, which was paid to Lois Gwin from the assets of the estate.
 {¶ 6} Lois Gwin subsequently filed a second and partial account as executor of the estate. The account reflected a payment of $7,080.00 that Gwin had made to her mother, Barbara Kearney, from the assets of the estate for Kearney's services *Page 3 
in helping her clean the decedent's house. Exceptions were filed pursuant to R.C. 2109.33 by a Guardian ad Litem appointed for Mercedes Christy.
 {¶ 7} The exceptions were referred to a magistrate. The magistrate found the $7,080.00 payment to Kearney was unreasonable because the prior allowance and payment to Lois Gwin in the amount of $12,812.12 was reasonably sufficient for the necessary cleaning services. The magistrate's decision disallowed the payment to Kearney and ordered Gwin to recover $7,080.00 from Kearney.
 {¶ 8} Gwin filed objections to the magistrate's decision. The Probate Court overruled the objections and adopted the magistrate's decision. Barbara Kearney filed a timely notice of appeal from that order.
 {¶ 9} On appeal, Kearney argues that the Probate Court's judgment and order is unreasonable because the condition of the decedent's house made the cleaning services she provided reasonable and necessary, in addition to the services Lois Gwin provided and for which she had been paid.
 {¶ 10} Lois Gwin was allowed a payment for her extraordinary services as the executor of the estate pursuant to R.C. 2113.36. Barbara Kearney is instead a creditor of the estate. Upon presentation of Kearney's claim, the executor *Page 4 
was authorized by R.C. 2117.06(D) to allow or reject the claim. The Probate Court's order from which this appeal was taken was entered pursuant to R.C. 2117.17. That section authorizes the Probate Court to "determine whether the executor or administrator acted properly in allowing and classifying each claim and (to) make an order confirming or disapproving such action." The court disapproved the allowance.
 {¶ 11} An appeal challenging the merits of an order entered pursuant to R.C. 2117.17 disallowing a creditor's claim on a finding that the executor acted improperly in allowing the — claim invokes the abuse of discretion standard of review. In AAAA Enterprises v. River PlaceCommunity (1990), 50 Ohio St.3d 157, the Supreme Court wrote:
 {¶ 12} "`Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable. Huffman v. Hair Surgeon,Inc. (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 126, 482 N.E.2d 1248,1252. It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.
 {¶ 13} "A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not *Page 5 
enough that the reviewing court, were it deciding the issue denovo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result."Id., at 161.
 {¶ 14} In the proceedings before the magistrate, Sue Piersall-Hanes, the owner of a construction company that rehabilitates real property and who reviewed the evidence concerning the condition of the decedent's house, opined that a reasonable fee for cleaning the property would be $5,575.00. Relying on that evidence, the magistrate found that the amount previously allowed to Lois Gwin, $12,398.64, for the 704 hours of cleaning services she claimed, compensated for all cleaning services that were reasonably necessary, and that the combined 1,416 hours claimed by both Gwin and Barbara Kearney were neither reasonable nor necessary.
 {¶ 15} The Probate Court overruled the objections to the magistrate's decision that were filed. The court also observed that, were the two applications of Gwin and Kearney both approved, the total of their fees, $19,892,02, for cleaning a 1208 square foot home, would absorb 19% of the assets of the estate, valued at $105,000.00. We take this to be a finding that such an outcome would not be reasonable.
 {¶ 16} On this record, we cannot find that the Probate *Page 6 
Court abused its discretion under the rule of AAAA Enterprises when it disapproved the executor's allowance of Barbara Kearney's claim, because the court's decision does not lack a sound reasoning process. Therefore, the error that has been assigned is overruled.
 {¶ 17} In her reply brief, Barbara Kearney complains of fee requests made by the Guardian ad Litem. Those matters were not raised in her Appellant's brief or the brief of the appellee, and so are not proper matters presented in a reply brief filed pursuant to App.R. 16(C). Further, Kearney, as a mere creditor of the estate, lacks standing to complain that fees applied for or allowed to others are not proper or are excessive.
 {¶ 18} The judgment from which the appeal was taken will be affirmed.
 WOLFF, P.J. and DONOVAN, J., concur. *Page 1