[Cite as *State v. Palmer*, 2025-Ohio-4612.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 24-COA-039 |
| Plaintiff - Appellee | <u>Opinion & Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas of Ashland County, Case No. 22-CRI-217 |
| AHMED PALMER, | |
| Defendant - Appellant | Judgment: Affirmed |
| | Date of Judgment: October 3, 2025 |

BEFORE: Andrew J. King; Robert G. Montgomery; David M. Gormley, Judges

APPEARANCES: James B. Reese III, Assistant Prosecuting Attorney, for Plaintiff-Appellee; Christopher C. Bazeley, for Defendant-Appellant.

*Gormley, J.*

**{¶1}** In this appeal, Defendant Ahmed Palmer argues that the trial court should have granted his motion to suppress. He claims, too, that he was denied a speedy trial and that his lawyer was ineffective because that lawyer did not file a motion to dismiss based on that alleged speedy-trial violation. We affirm the trial court's judgment.

**The Key Facts**

**{¶2}** These facts come from the transcript of a suppression hearing held in the trial court.

**{¶3}** Police officers were dispatched to a bank in Ashland after receiving a phone call about suspicious activity there. Once they arrived, the officers encountered Palmer and another person and heard about a disagreement between them.

**{¶4}** The officers asked both Palmer and the other individual for permission to conduct pat-down searches for weapons, and both men consented. When an officer patted down Palmer, that officer felt a large roll of cash and tied-off baggies in a pocket of Palmer's pants. Palmer was then placed in handcuffs, and a thorough search of his clothing uncovered illegal drugs in that pocket.

**{¶5}** That discovery in turn led to the filing of several felony-level drug charges against Palmer. He then filed a motion to suppress, which the trial court denied. Several months later — once 643 days had passed since Palmer's arrest on the drug charges — he pled no contest to three of those charges. He now appeals.

## The Seizure of Contraband After the Pat-Down Search Was Proper

**{¶6}** In his first assignment of error, Palmer argues that the trial court erred in denying his motion to suppress.

**{¶7}** "Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Burnside*, 2003-Ohio-5372, ¶ 8. When a trial court considers a motion to suppress, it "assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id*. As a reviewing court, we must accept as true the trial court's factual findings if they are supported by competent, credible evidence, and we must "then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id*.

**{¶8}** The United States Supreme Court spelled out the plain-feel doctrine in *Minnesota v. Dickerson*, 508 U.S. 366 (1993). Police officers, that doctrine tells us, may seize identifiable illegal or suspicious items felt by touch during a protective pat-down

search, so long as the search stays within the bounds marked by *Terry v. Ohio*, 392 U.S. 1 (1968). *Id.* at 373. The Court in *Dickerson* explained that "[i]f a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity [as contraband] immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons." *Id.* at 375.

**{¶9}** In applying *Dickerson*, courts recognize that officers may rely on their specialized knowledge, training, and experience in determining whether the incriminating nature of an object is immediately apparent. *United States v. Pacheco*, 841 F.3d 384, 395 (6th Cir. 2016) (approving the seizure of contraband where a police officer, during a pat-down search, "[c]ombin[ed] his sight and his touch with his training and experience" to conclude within seconds that an item he felt was probably brick cocaine); *State v. Jones*, 2002-Ohio-1109 (9th Dist.), quoting *Dickerson* at 375 ("The plain feel exception to the warrant requirement allows the state to use evidence seized during a *Terry* search if the police officer, due to his experience arresting drug offenders, feels contraband whose contour or mass makes its identity 'immediately apparent' to him"); *State v. Lynn*, 137 Ohio App.3d 402, 407 (5th Dist. 2000) (approving the seizure of contraband, where a deputy, during a pat down, knew, based on her 'past training' that the item she felt was an illegal drug).

**{¶10}** Our court has repeatedly approved the seizure of identifiable contraband discovered during pat downs. *See, e.g.*, *State v. Oliver*, 2019-Ohio-3007, ¶ 18 (5th Dist.) (an officer's testimony that contraband was immediately apparent based on her extensive search experience was sufficient under the plain-feel doctrine); *State v. Woodgeard*,

2002-Ohio-3936, ¶ 80-82 (5th Dist.) (approving the seizure of contraband felt during a pat-down search where the officer testified that based on his training and experience, the item felt like drugs).

{¶11} And *Dickerson* does not require the government to offer detailed evidence showing why an officer reached a particular conclusion about an object's identity, so long as the officer testifies that the contraband item's identity was immediately apparent to him or her based on experience. *See State v. Phillips*, 2003-Ohio-5742, ¶ 45 (2d Dist.).

{¶12} In our case, the officer who conducted the pat down of Palmer testified that the criminal nature of the objects he felt when he touched Palmer's pants pocket was immediately apparent based on his training and experience. That testimony, which the trial court found credible, was sufficient under *Dickerson*.

{¶13} In arguing otherwise, Palmer relies on *State v. Lawson*, 2009-Ohio-62 (2d Dist.), and he claims that once the officer determined that the objects in Palmer's pocket were not weapons, no further search was permitted.

{¶14} In *Lawson*, though, the officer did not immediately recognize the item that he felt, and he had to manipulate it to determine its identity. The court in that case suppressed the evidence because "[b]y manipulating the lump, the officers unlawfully extended the pat-down beyond the scope of a permissible protective search for weapons." *Lawson* at ¶ 37. Here, on the other hand, the officer immediately recognized what he felt, and he knew that it was contraband based on his training and experience without any manipulation.

**{¶15}** We agree with the trial court that the plain-feel exception justified the officer's seizure of the immediately identifiable illegal items that the officer felt during the consensual pat-down search. Palmer's first assignment of error is overruled.

## Palmer Has Forfeited His Speedy-Trial Claim, and His Ineffective-Assistance Claim Should Be Raised, if at all, in a Post-Conviction Petition

**{¶16}** In his second assignment of error, Palmer claims that the trial court violated his statutory and constitutional speedy-trial rights. He did not, however, raise this argument in the trial court, and he has therefore forfeited any speedy-trial claim. *See State v. White*, 2023-Ohio-1103, ¶ 50 (5th Dist.) ("A defendant cannot raise a speedy trial argument for the first time on appeal."); *State v. Salser*, 2020-Ohio-1000, ¶ 25 (5th Dist.) (same).

**{¶17}** As for Palmer's third argument — that his trial counsel was ineffective precisely because that lawyer neglected to raise the speedy-trial issue in the trial court — a direct appeal like this one is not the proper place for the claim to be resolved. Instead, "[t]he proper mechanism to develop the record is a post-conviction relief petition alleging ineffective assistance of counsel for failing to file a motion to dismiss for lack of speedy trial." *White* at ¶ 50; *see also State v. Turner*, 2006-Ohio-3786, ¶ 22 (5th Dist.) ("In such a procedure, both the appellant and the appellee could develop the issue of whether tolling occurred.").

**{¶18}** The state argues here that Palmer's trial counsel was not ineffective, because — according to the state — numerous pretrial motions filed by Palmer himself and by his trial lawyer tolled the running of the speedy-trial clock for most of the 643 days that passed between Palmer's arrest and his plea change, and therefore, in the state's view, any motion to dismiss on speedy-trial grounds would have been properly denied by

the trial court.  Without the benefit of a developed trial-court record on that disputed issue, though, we decline to reach the merits of Palmer's ineffective-assistance claim now. Palmer remains free to raise his ineffective-assistance claim in a post-conviction petition in the trial court.

{¶19} For the reasons explained above, the judgment of the Court of Common Pleas of Ashland County is affirmed.  Any costs must be paid by Appellant Ahmed Palmer.

By: Gormley, J.;

King, J. and

Montgomery, J. concur.